Fullerton *v.* Fitzgerald.

———————•———————

FULLERTON *vs.* FITZGERALD.

Although it does not appear on the face of an execution, issued against the person, that it was issued in an action wherein the party was liable to imprisonment, yet if, by a reference to the judgment, it appears that the execution is regular, the party arrested will not be discharged.

In an action to recover the possession of real estate, and also the rents and profits thereof, the unsuccessful party cannot be imprisoned.

MOTION by the defendant, to set aside an execution, on the ground of irregularity.

*Monell & Dunning,* for the plaintiff.

*M. Sweezy,* for the defendant.

DEAN, J. This was an action to recover the *possession of real estate* situated in Orange county, and also the *rents and profits* of the premises while in the occupation of the defendant. The plaintiff had judgment for the property, and also 70 dollars for damages for the detention. An execution against the property of the defendant was issued and returned unsatisfied. An execution against the person was then issued, and the defendant arrested. This motion is made to set aside the execution as irregular, because it does not state the nature of the action ; the defendant insisting that it should appear on the face of the execution that it was issued in an action wherein the party against

whom the judgment was rendered is liable to imprisonment. The defendant also moves to set it aside, because an execution cannot issue against the body, in this action.

As to the first objection, I think it is not valid. Though it would be better to state the nature of the action in the execution, yet where, by a reference to the judgment, it appears that the execution is regular, the person cannot be discharged.

But the second objection is a serious, and, in my judgment, an insuperable one. The complaint states that the plaintiff derived title from Reuben Van Allen. That at the time he so acquired title, the defendant was in the occupation of the premises, under Van Allen. That the defendant, on demand, delivered to the plaintiff the possession, by giving to his agent the key of the outer door of the house on the premises. The answer denies all the allegations in the complaint, and then sets up that the defendant was in possession of the premises as tenant in common, and other facts, from all of which it is clear that the action was one to try the title to the premises, and not to recover damages for a forcible entry upon them. The complaint also alleges that thirty dollars per year is a reasonable sum for the rents and profits, and concludes by demanding "judgment for the *possession of the premises*, and also one hundred dollars for the *rents and profits* of the same*." The question arises, therefore, whether in an action of this nature the unsuccessful party can be imprisoned. I think that the whole issue tried in this case was one which must have arisen on contract, express or implied, and that when a plaintiff claims to recover for rents and profits he cannot deny that his action was founded on contract. For rents never accrue, except where a contract can be proved or implied.

But whatever may have been the rights of the parties under the non-imprisonment act, so far as the decision of this motion is concerned, I do not deem material, for the code has prescribed the cases in which an execution against the body may issue. By § 288, it is provided that an execution against the body may issue in an action in which the defendant may be arrested, as provided in § 179 and § 181. For the purposes of the present motion, it will be only necessary to examine the first subdivision

Fullerton *v.* Fitzgerald.

of § 179. That is confined to "an action for the recovery of damages on a cause of action not arising out of contract, where the defendant is not a resident of the state, or is about to remove therefrom, or where the action is for an injury to person or character, or for injuring, or for wrongfully taking, detaining or converting property." This subdivision confines the right of arrest to actions for the recovery of "*damages*," where the cause of action did not arise on contract, in the following cases : 1. Where the defendant is not a resident of the state, or is about to remove therefrom. 2. Where the damage sought is for an injury to person or character. 3. Where the damage to be recovered is for injuring, wrongfully detaining, or converting property. An action of ejectment is not "an action for the recovery of damages," for any purpose. But if it were, no lawyer will say that the legislature intended to include it in an action for "injuring, detaining, or converting property." In an action to recover possession of personal property, the defendant cannot be imprisoned, unless he can be brought within the third subdivision of § 179, which is equivalent to making out a case of actual fraud in the disposition of the property. There is no reason why an action to recover possession of real property should give to the plaintiff any more stringent remedies. The execution must be set aside, and the defendant discharged from imprisonment ; but, as the question seems to be a new one, without costs to either party on this motion. And the defendant should stipulate not to bring an action for false imprisonment.

[DUTCHESS SPECIAL TERM, September, 19, 1854. *Dean,* Justice.]